United States District Court
Southern District of Texas

**ENTERED**

March 09, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTAGE ASSOCIATION, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-01132 |
| FERCAN E KALKAN, | § § | |
| Defendant. | § § | |

## ORDER

Before the Court are United States Magistrate Judge Peter Bray's Memorandum and Recommendations filed on February 4, 2026 (Doc. #35), Defendant Fercan E. Kalkan's Objections (Doc. #36), and Plaintiff Federal National Mortgage Association's Response (Doc. #37). The Magistrate Judge's findings and conclusions are reviewed de novo. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and the applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In this case, Defendant signed a guaranty agreement obligating him to pay the full amount of indebtedness on a note owned by Plaintiff in the event the borrower filed for bankruptcy. Doc. #35 at 2. Then, after the borrower filed for bankruptcy, Defendant did not repay the loan. *Id.* Accordingly, Plaintiff brought a breach of guaranty action in this Court, seeking to recover the outstanding principal on the note, plus interest and attorney's fees. Doc. #1. On August 26, 2025, Plaintiff filed its Motion for Summary Judgment, to which Defendant responded on November 21, 2025. Doc. #11; Doc. #28; Doc. #29. Plaintiff also filed the pending Motion to

Strike, which asks the Court to strike Defendant's "rebuttal" to Plaintiff's sur-reply in support of its Motion for Summary Judgment. Doc. #33. The Magistrate Judge recommended the Court grant Plaintiff's Motion for Summary Judgment and Motion to Strike. Doc. #35.

Defendant objects to the Magistrate Judge's Memorandum and Recommendations. Doc. #36. Nearly all of Defendant's objections, however, present new arguments and evidence that were not raised before the Magistrate Judge during summary judgment. But new arguments "are forfeited if they are not raised before a magistrate judge," even if they are raised in objections to the memorandum and recommendation. *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024). Similarly, this Court is not required to accept evidence submitted for the first time in an objection. *Reuter v. XTO Energy, Inc.*, 4:20-cv-1474, 2022 WL 2712860, at *2 (S.D. Tex. July 13, 2022) (citing *Freeman v. Cnty. Of Bexar*, 142 F.3d 848, 852–53 (5th Cir. 1998)). Upon review, Defendant's objections are nothing more than an effort to "muddy the factual record." See Doc. #35 at 5. The objections to the Memorandum and Recommendation are therefore overruled.

In conclusion, the Court adopts the Memorandum and Recommendation (Doc. #35) as its Order. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. #11) and Motion to Strike (Doc. #33) are GRANTED.

It is so ORDERED.

__MAR 0 9 2026__

Date

The Honorable Alfred H. Bennett
United States District Judge

2